UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASEE DIVISION

FELICIA DEJA NE BEY
On behalf of ANGILA BAXTER,
    Petitioner,

vs.                                        Case No.: 4:24cv517/MW/ZCB

STATE OF FLORIDA, et al,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

As best the Court can tell from the convoluted document (construed as a 28 U.S.C. § 2241 petition for habeas corpus) that was filed to initiate this case, Angila Baxter has been committed to the Florida State Hospital. Another individual, Felicia Deja Ne Bey, has filed the petition on Ms. Baxter's behalf as her "Authorized Representative" and "Ex Relatione." (Doc. 1).[1]

Federal law authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to appear *pro se*, however, is limited to those parties conducting

---

[1] Ms. Bey does not identify herself as Ms. Baxter's attorney, nor is Ms. Bey listed as an attorney in the Florida Bar's Attorney Directory.

1

"their own cases" and does not apply to persons representing the interests of others. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (determining that, although a parent is authorized to sue on behalf of a minor child, a non-lawyer parent may not appear *pro se* on behalf of a child in federal court), *overruled in part on other grounds*, *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (quoting 28 U.S.C. § 1654 and holding that a non-lawyer could not proceed *pro se* on behalf of an estate). Put simply, an individual who is not a licensed attorney may not represent the legal interests of another person in federal court.[2] For that reason, the habeas petition should be dismissed without prejudice. *See Grappel v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (explaining that to the extent the plaintiff, a non-attorney,

---

[2] The Federal Rules of Civil Procedure permit "an incompetent person who does not have a duly appointed representative" to "sue by a next friend," *see* Fed. R. Civ. P. 17(c)(2), but "next friend" capacity does not authorize a non-lawyer to appear *pro se* on another person's behalf. *See Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (explaining that Rule 17(c) does not permit a non-lawyer to represent another person in federal court). If Ms. Bey wishes to file a habeas petition as Ms. Baxter's "next friend" under Rule 17(c)(2), then she must do so through a lawyer.

sought to represent the legal interests of her son, the district court should have dismissed those claims without prejudice); *see also FuQua v. Massey*, 615 F. App'x 611, 612-13 (11th Cir. 2015) (affirming dismissal because a non-attorney parent cannot represent her minor child in a federal court action). Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** and that the Clerk of Court be directed to close this case.

At Pensacola, Florida this 6th day of January 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.